AETNA LIFE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, v. HENRY GRIFFIN.

Decided December 9, 1909.

1.—Accident Insurance—Pleading.

Petition seeking recovery of accident insurance for total loss of sight held, as against a general demurrer, sufficient to show that the blindness of both eyes was caused by the accidental injury to one.

2.—Same—Notice of Claim for Damages.

Demurrer to a petition for recovery of accident insurance because not showing that plaintiff gave immediate notice of his claim for damages as required by the terms of the policy, was properly overruled. (Rev. Stats., art. 3379, as amended by Act of 1907, p. 341.)

**3.—Irrevocable Loss of Sight.**

A finding that plaintiff suffered irrevocable loss of sight in consequence of an injury was supported by his uncontradicted testimony that he had become totally blind as a result thereof in the absence of any evidence to show that such loss was not irrevocable.

**4.—Same—Finding of Court.**

A finding by the court that plaintiff, within two months from his injury, "lost the sight of both eyes, and is now and has been since such date totally blind, and is irrevocably blind in both eyes," was a sufficient finding that the loss became irrevocable within 90 days from the injury.

**5.—Injury to One Eye—Resulting Total Blindness.**

Evidence that plaintiff received an injury to one eye from which the other, without apparent cause except sympathetic inflammation, became also affected, resulting in total blindness, was sufficient to support a finding that the loss of sight in both resulted solely from the injury.

**6.—Same—Findings of Fact.**

Findings by the court held to show that plaintiff lost the sight of both eyes "by accidental means independently of all other causes," and to support a recovery upon a policy of insurance against such loss.

Appeal from the District Court of Smith County. Tried below before Hon. R. W. Simpson.

*E. P. Price,* for appellant, cited: United Ben. Soc. v. Shepherd, 66 S. W., 577; Texas H. M. F. Ins. Co. v. Bowlin, 70 S. W., 797; Myers v. Maryland Cas. Co., 101 S. W., 124; Niblick on Ben. Soc. & Ac. Ins., 798, 717, sec. 373; Maryland Cas. Co. v. Glass, 29 Texas Civ. App., 159; Travelers' Ins. Co. v. McConkey, 127 U. S., 661; Edwards v. Chisholm, 6 S. W., 558.

*Gentry & Castle,* for appellee.—The clause requiring immediate written notice of the accident and injury to insured is void and can not be enforced in this State. Sayles Statutes, art. 3379; Maryland Casualty Co. v. Hudgins, 72 S. W., 1047; Telegraph Co. v. Lannon, 119 S. W., 910.

WILLSON, Chief Justice.—By its policy dated November 22, 1907, appellant for a period of one year insured appellee in the sum of $1500 against the irrevocable loss of the entire sight of both his eyes resulting within ninety days from injuries which might be suffered by him "through external, violent and accidental means, . . . independently of all other causes." It was expressly stipulated in the policy that it did not cover loss of sight "resulting wholly or partly, directly or indirectly, from . . . disease in any form." It was further expressly stipulated in the policy as follows: "Immediate notice in writing of any accident and injury on account of which claim is to be made shall be given said company at Hartford, Connecticut, with full particulars and full name and address of the insured; and unless affirmative proof of . . . loss of . . . sight . . . and that the same was the proximate result of external, violent and accidental means is so furnished within five months . . . from the happening of such accident . . . the

company shall be released from all liability for the payment of any claim based thereon." July 29, 1908, appellee was assisting in unloading steel rails from a car in the yards of the St. Louis Southwestern Railway Company of Texas, in Tyler, when a particle of steel from one of the rails flew up and struck him in his right eye, thereby injuring it. Claiming that as a result thereof he had, about the last of August, 1908, irrevocably lost the entire sight of both his eyes, he brought his suit against appellant and recovered the judgment for $1500, from which this appeal is prosecuted.

(*After stating the case as above.*)—The trial court did not err in overruling appellant's general demurrer to appellee's petition on the ground that it did not appear from the allegations therein that he had lost the entire sight of both his eyes through external, violent and accidental means alone and independently of all other causes. The allegations were that in unloading the rails "a piece of iron or other hard substance was caused to fly and strike this plaintiff in his right eye; that by reason of such accident and injury this plaintiff has lost the entire sight of both eyes; that said accident and injury to plaintiff's right eye occurred on the 29th day of July, 1908; that immediately after said injury his right eye became inflamed and sore and continued in said condition for about two weeks; at which time said inflamation and soreness was communicated from plaintiff's right eye to his left eye, from which time both eyes continued sore and inflamed until about the last of August, 1908, at which time and from said causes he entirely and irrevocably lost the sight of both eyes." We can not agree with appellant that the allegations quoted should be construed as relating "only to the means by which appellee's right eye was injured." We think they should be construed as relating as well to the means by which his left eye was injured and its sight destroyed. The effect of the averments was to charge an accidental injury to the right eye resulting proximately in an injury to the left eye and destroying the sight of both. As against a general demurrer the allegations were sufficient. Travelers' Ins. Co. v. Hunter, 30 Texas Civ. App., 489, 70 S. W., 798.

Nor did the trial court err in overruling appellant's special exception to said petition on the ground that it did not "set out and allege that plaintiff gave to the defendant insurance company such immediate written notice of the injury complained of as is required under and by the terms of the policy of insurance sued on herein." Appellant assumes that a failure to give such notice, by the terms of the policy operated to release it from liability. We have not been able to find such a stipulation in the policy. But such a stipulation, if in the policy, would be void, because inhibited by art. 3379, Sayles' Statutes, as amended in 1907 (see General Laws, p. 241), declaring that "no stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable, and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void," etc.; and further declaring that "in any suit brought under this . . . article it

shall be presumed that notice has been given, unless the want of such notice is especially pleaded under oath." In Maryland Casualty Co. v. Hudgins, 72 S. W., 1047, the statute was held to be applicable in a case like this one. On writ of error to the Supreme Court the judgment in the case cited was reversed, but on another ground and without reference to the ruling of the Court of Civil Appeals in construing the statute referred to. See Maryland Casualty Co. v. Hudgins, 97 Texas, 124, 76 S. W., 745.

The trial was before the court without a jury. By its third and eighth assignments appellant complains that the finding of the court that appellee was irrevocably blind was without evidence to support it, and by its tenth assignment, grouped with the third and eighth, it complains that the court's conclusion of law that appellee was entitled to recover as prayed for, was in face of his failure to find that appellee's loss of sight became irrevocable within ninety days after he suffered the injury to his right eye. As to the first complaint it is sufficient to say that appellee testified that in August, 1908, he had lost entirely the sight of both his eyes, and that at the time of the trial in March, 1909, he could not see at all with either of his eyes and to add that the record is wholly without any evidence tending in the least to contradict him, or to show that his sight was not irrevocably lost. As to the other complaint, we state that the court specifically found, as is shown by the record before us, that appellee was injured as alleged in his right eye on July 29, 1908, and as a consequence of such injury that "about September 1, 1908, he lost the sight of both eyes, and is now and has been since said date totally blind, and is irrevocably blind in both eyes."

By its fifth and ninth assignments appellant complains of the finding of the court that appellee lost the sight of both his eyes as the result alone of the injury to his right eye and not as a result of any kind of disease. The contention is that "no evidence was offered and introduced at the trial" to show that appellee's "loss of sight of both eyes resulted alone from the injury received by plaintiff in his right eye." Appellee testified, and his testimony was corroborated by other evidence in the record, that the injury to his right eye was caused by the piece of steel as stated; that his said eye at once after the injury became inflamed, and that in about two weeks his left eye, without any cause therefor other than the condition of his right eye, became affected. Dr. Ferrell, testifying as an expert, stated that it often happened that when one eye is injured the other through sympathy will be affected, and appellant's witness, Dr. Baldwin, testified that one eye might through sympathy become involved after the other was injured. Obviously, we think it must be said, in view of the testimony referred to, the contention made that there was no evidence offered to show that appellee lost the sight of both his eyes as the result of the accidental injury as charged to one of them, should not be sustained. The assignments specified therefore are overruled.

The remaining assignment attacks the court's conclusion of law that appellee should recover of appellant the sum sued for, on the ground that the court did not find as a fact that appellee had ir-

revocably lost the sight of both his eyes "by accidental means independently of all other causes." But the court, as is shown by the record, did so find as a fact. We quote from his findings: "While plaintiff was unloading steel rails . . . some particle flew up and struck plaintiff in the right eye; that said eye became inflamed at once, and the left eye became affected from the inflammation in the right eye; . . . and about September 1, 1908, he lost the sight of both eyes, and is now and has been since said date totally blind, and is irrevocably blind in both eyes; that a scar is visible on the ball of plaintiff's right eye; that said loss of sight resulted alone from the injury received in his right eye and not from disease of any kind."

The judgment is affirmed.

*Affirmed.*

Writ of error refused.