FIRST TEXAS STATE INS. CO. v. HERNDON.   (No. 61.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 10, 1916.)

INSURANCE ☞539(1) — NOTICE OR PROOF OF LOSS—STATUTORY PROVISIONS.

Under Rev. St. 1911, art. 5714, providing that no stipulation in a contract requiring notice of any claim for damages as a condition precedent to the right to sue shall be valid unless reasonable, and that any such stipulation fixing the time at less than 90 days shall be void, a provision in a policy insuring against sickness, requiring that if the sickness continued for more than 30 days insured or his representative should, as a condition precedent to a recovery furnish the insurer every 30 days a report in writing from his attending physician or surgeon, stating his condition and the probable duration of his disability, was void.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1328, 1330, 1332, 1337; Dec. Dig. ☞539(1).]

Appeal from Jasper County Court; C. C. Brown, Judge.

Action by W. H. Herndon against the First Texas State Insurance Company. Judgment for plaintiff and defendant appeals. Affirmed.

Smith & Lanier, of Jasper, for appellant. C. C. Ingram, of Jasper, and R. S. Sanders, of Center, for appellee.

CONLEY, C. J.  The appellee brought this suit in the justice court, precinct No. 3, Jasper county, on an insurance policy issued by the appellant in favor of appellee on the 24th day of December, 1912. By the terms of said policy the appellant insured appellee, among other things, against sickness, at the rate of $50 per month, for a period not exceeding six consecutive months, during which insured was necessarily and continuously confined in the house and regularly visited by a legally qualified physician, and wholly disabled by bodily disease or illness from performing any and every duty pertaining to his business or occupation. The appellant makes no question about the issuance of the insurance policy and the contract arising thereunder, but defended this suit upon the theory that, although the appellee was sick, as he claimed, and would otherwise be entitled to the benefits of the policy, yet on account of his failure to comply with the terms of the policy under paragraph N, in which it was made a condition precedent to recovery thereunder, if the insured was disabled for more than 30 days—he claiming to have been disabled for 60 days—that he should furnish the company, every 30 days, with a report in writing from his attending physician, fully stating his condition and the probable duration of his disability, and that therefore, by reason of such failure, the company was not liable on said policy. The proof showed that appellee became disabled and was prevented from performing any duty pertaining to his occupation from the 16th day of November, 1914, at noon, until the 16th day of February, 1915, and that during said time he was regularly visited by a physician. Paragraph N of said policy provides as follows:

"If the insured is disabled by reason of illness for more than thirty days, he or his representative shall, as a condition precedent to recovery hereunder, furnish the company every thirty days with a report in writing from his attending physician or surgeon, fully stating

the condition of the insured and the probable duration of his disability."

The insured did not furnish to the company a report in writing 30 days after becoming disabled, as required by the policy, but did furnish a report on the forty-ninth day of his illness. In the trial of the cause judgment was recovered in the justice court for $102.50, and also $20 attorney's fee. The appellant duly perfected its appeal to the county court of Jasper county, and a trial therein had before that court also resulted in a judgment in favor of appellee for a like amount, and from the latter judgment, an appeal has been perfected to this court.

Appellant's first assignment of error is as follows:

"The judgment rendered herein is contrary to the law and the evidence of this case in this: That the disputed evidence shows that the plaintiff herein failed to comply with the terms of his policy, in that he failed to furnish said company every 30 days with a report in writing from his attending physician, as required by paragraph N of said policy, fully stating the condition of this plaintiff and the probable duration of his disability, said report being a condition precedent to any recovery under the terms of said policy."

The appellee contends that this provision in the policy is void, and in this contention we agree. Revised Statute, art. 5714, provides:

"No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid, unless such stipulation is reasonable; and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void."

The provision in question in the policy required notice, as a condition precedent to recovery on the policy, where the period of sickness extended more than 30 days, within a less time than that fixed by the statute, to wit, 90 days, and such provision, under many of the decisions of this state, is void. Maryland Casualty Company v. Hudgins, 72 S. W. 1047; Royal Casualty Company v. Nelson, 153 S. W. 674; Ætna Life Ins. Co. v. Griffin, 58 Tex. Civ. App. 198, 123 S. W. 432.

The judgment of the court will therefore be affirmed; and it is so ordered.

