**NORTH AMERICAN ACC. INS. CO. v. BALDWIN. (No. 9346.)***

(Court of Civil Appeals of Texas. Dallas. March 14, 1925. Rehearing Denied April 11, 1925.)

1. Insurance ⊕539(1)—Clause in policy as to giving notice of injury or death held void, and policy construed without reference to such clause.

A clause in an accident insurance policy, requiring written notice of injury within 10 days of occurrence of accident and affirmative proof of death within two months from date of death, is void as being in direct contravention of Rev. St. § 5714, and terms of policy must be construed without reference to such clause, and as though no time for giving of such notices was specified.

2. Insurance ⊕665(5)—Evidence held to sustain finding that death of insured was caused solely through injury received by violent and external means.

Evidence that insured was severely injured by fall down steps, rendering him totally unconscious for several hours, and that he never regained normal consciousness to day of his death, though at intervals he appeared to be rational, together with other evidence, *held* to sustain finding that death of insured was caused solely and alone through injury received by violent and external means.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by Mrs. Sammie Baldwin against the North American Accident Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. W. Hilbrant, of Dallas, for appellant.

John White and W. A. Hudson, both of Dallas, for appellee.

JONES, C. J. Appellee recovered judgment in a suit in the district court of Dallas county against appellant on an accident insurance policy for the death of her husband, George Isham Baldwin. The judgment is for $2,500, the face value of the insurance policy, together with 12 per cent. damages and interest thereon at the rate of 6 per cent. per annum from the 10th day of December, 1923, and $300 as attorney's fee.

The insurance policy was issued by appellant on the 25th day of November, 1904, and the death of the insured occurred on the 1st day of August, 1921. Appellee was named as the beneficiary in the policy. The insured was severely injured by a fall down steps at the entrance to his residence in the city of Dallas on July 8, 1921. From this fall he received a severe cut on the head, which bled profusely, and severe bruises on his shoulders and other portions of his body. He was rendered unconscious for several hours and never regained normal consciousness to the day of his death, though there were intermittent times when he appeared to be rational. No notice to appellant, either of the injury to the insured or his death, was given until December 21, 1921, though, from a letter written by appellant after the death, it is apparent it had actual notice of the death previous to this time. Upon receipt of this notice, appellant at once denied any liability on the policy.

For some years previous to his death, the insured was a sufferer from Bright's disease. This disease resulted in high blood pressure, sclerosis, and perhaps some other manifestations of its presence. Some time before the injury, he had suffered a partial stroke of paralysis and, at the time he received the injury, did not have the full use of his limbs on one side of his body. However, during the time he suffered from this disease, and after he had recovered in a measure from the paralysis, he attended his office and looked after his business as president of the corporation whose affairs he was directing. Insured was approximately 58 years of age at the time he received the injury, and was of strong vitality for one suffering from such disease. At the time of the injury a twin brother, Dr. Wm. S. Baldwin, then a resident of Mineral Wells, was visiting insured and was with him when he received the fall. This brother, who was a regular practicing physician, remained with the insured for

about two days after the injury, and then saw him at irregular intervals up to the time of his death, seeing him the last time shortly before his death. Dr. E. B. Brannin was called as the attending physician and attended insured as such from the time of his injury until his death. Both of these physicians were witnesses at the trial of the case, and their evidence as to the immediate cause of the death is in direct conflict. Dr. Baldwin ascribing his death as directly due to the injury he received, while Dr. Brannin, the attending physician, ascribed insured's death primarily to terminal pneumonia, contracted during the last days of his illness, together with his weakened condition caused by the disease, and, secondarily, as a contributing cause, the injury received at the time of the fall.

The case was tried before a jury and the controverted issues of fact submitted on special issues in the form of questions propounded to the jury. On all controverted issues involved on the appeal, the findings of the jury are favorable to appellee and are to the effect that the bodily injuries received by deceased on the 8th of July, 1921, were the proximate cause of his death; that the death of the deceased was not caused, wholly or partially, directly or indirectly, from any of the diseases the medical testimony showed insured may have been suffering from just previous to his death. In the finding excluding these diseases as cause of death, terminal pneumonia is specifically included.

Special issue No. 6 submitted to the jury and the answer thereto are as follows:

"Was such disease, or diseases, if any, produced by the injury complained of in plaintiff's petition and disconnected from and independent of any other cause? Answer: No."

All of the findings of the jury find support in testimony and are adopted as the finding of this court.

The insurance policy was introduced in evidence, and the following clauses are material to a discussion of the issues raised on this appeal:

"Or if death shall result from such injury independently of all other causes within ninety (90) days from the date of the receipt thereof, the said company will pay the principal sum of twenty-five hundred ($2,500.00) dollars to Mrs. Sammie Baldwin, his wife, if surviving, or in the event of prior death, to the legal representatives of the insured. * * *

"Written notice of any injury, fatal or nonfatal, for which claim can be made shall be given to the secretary of the company at Chicago, Ill., within ten days of the occurrence of the accident, and failure to give such written notice within ten (10) days from the date when it becomes possible to give such notice shall invalidate any and all claims under this policy. Also affirmative proofs of death or injury, and duration of disability, verified by physician, and that the same resulted proximately and solely from accidental causes within the terms of this contract, shall be furnished to the company within the following limit of time: (1) as to fatal injury, within two months from date of death; * * * otherwise all claims based upon any injury shall be forfeited. * * *

"* * * This insurance shall not cover any case of death, disability, or other loss resulting wholly or partly, directly or indirectly, from disease in any form, either as a cause or effect."

It was appellant's theory that appellee should be denied recovery on this policy, (1) because the notice to appellant of the injury and the notice of the death, as provided for in the clause above quoted (the giving of which is made a prerequisite to a recovery on the policy), were not given in the time required by said clause, and a peremptory instruction was requested on this ground; (2) because there was no evidence offered by appellee in the trial of the cause to show that the death of the insured was the result of injuries received, and a peremptory instruction was requested on this ground. These peremptory instructions were refused, and error is duly assigned on this ruling of the court. Error is also assigned on the insufficiency of the testimony to support the finding of the jury in reference to the cause of the insured's death. These are the only issues raised on this appeal.

[1] The clause in the policy in reference to the said notices is in direct contravention of article 5714, Revised Statutes, declaring that:

"No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid, unless such stipulation is reasonable; and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void. * * *"

This statute has frequently been construed in reference to stipulations of this character in insurance policies and if such stipulation is in contravention of the statute, the clause in an insurance policy providing for such notices uniformly has been held to be void. The terms of this policy must be construed without reference to this clause and as though no time for the giving of such notices was specified. Citizens' State Bank of Hutchins v. National Surety Co. (Tex. Com. App.) 258 S. W. 468; Taber v. Western Union Tel. Co., 104 Tex. 272, 137 S. W. 106, 34 L. R. A. (N. S.) 185; Maryland Casualty Co. v. Hudgins (Tex. Civ. App.) 72 S. W. 1047. The last case was reversed by the Supreme Court, but not upon this question. The assignments of error in reference to this issue are overruled.

[2] As disclosed by the statement of this case given above, there was evidence supporting the finding of the jury to the effect

that the death of the assured was caused solely and alone through the injury received by violent and external means. Dr. Baldwin's testimony as given above is alone sufficient to raise an issue of fact in reference to this question. Added to this is the undisputed evidence that, because of the injury received by the fall, the assured became at once unconscious and remained in this condition of total unconsciousness for some hours, and that only at intervals afterwards was he ever in a conscious condition. The jury were clearly within their prerogative when they determined that the assured never recovered from this injury, and that it was the immediate producing cause of his death. The assignments of error in reference to this issue are overruled.

Finding no reversible error, it is the opinion of the court that this cause should be affirmed.

Affirmed.