UNITED AMERICAN INSURANCE COMPANY, a corporation, Appellant,

v.

William Henry SELBY, Appellee.

No. 5369.

Court of Civil Appeals of Texas.

El Paso.

Dec. 16, 1959.

Rehearing Denied Jan. 6, 1960.

Chaney & Harless, Dallas, for appellant.

Little & Gulliland, Big Spring, for appellee.

LANGDON, Chief Justice.

This is a suit on a policy of health and accident insurance for benefits for loss of time due to injury. Trial was had before the court without a jury, and all facts, including the fact that appellee, William Henry Selby, received an accidental injury on July 23, 1956, which totally and continuously disabled him for a total of 51 days from July 24, 1956 through September 12, 1956, were stipulated and agreed to by written stipulations filed with the court. Judgment was rendered for appellee; and appellant, United American Insurance Company, has duly perfected this appeal.

Appellant's appeal is predicated upon two points:

### First Point

The error of the court in awarding judgment to insured for benefits, where notice was not given by the insured to the company within twenty (20) days, as required by the terms and provisions of the policy.

### Second Point

The error of the court in awarding judgment to the insured for benefits during a period when insured was not under the personal and regular attendance of a legally licensed doctor of medicine or osteopathy, such benefits being expressly excluded by the terms and provisions of the policy.

By its first point, appellant contends that the first notice of injury given by the insured to the company was on October 5, 1956, which was 81 days after said injury, and that the company promptly denied the claim on the basis that written notice of said injury had not been given within 20 days of said injury.

The policy of insurance involved herein was made a part of the agreed statement of

facts, and provides, at page 4, Part V, as follows:

"Standard Provisions

"4. Written notice of injury or of sickness on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury, or within ten days after the commencement of disability from such sickness."

■ It is upon this provision of the policy that appellant seeks to avoid liability, written notice of insured's injury not having been furnished appellant until 81 days after such injury.

We must reject appellant's first point of error. The policy further provides, at page 4, Part V, under said "Standard Provisions", as follows:

"5. If any time limitation of this Policy with respect to giving notice of claim or furnishing proof of loss is less than that permitted by the law of the State in which the Insured resides at the time this Policy is issued, such limitation is hereby extended to agree with the minimum period permitted by such law."

We think paragraph 15, supra, expressly extends the time in which the Insured must "give notice of claim" to a period of time equal to the minimum time permitted by the laws of the State in which the insured resided at the time such policy was issued.

Article 5546, Vernon's Ann.Tex.Civ.St., provides:

"No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, * * *."

Under the agreed facts in this case, appellee gave appellant written notice of such claim within 81 days of the date of the occurrence of the injury, such notice being well within the 90-day period of time provided by the statute. There is no doubt but that the terms of the statute are applicable to the "contract" embodied in the terms and conditions of the policy of insurance here sued upon. The statute deals with claims arising out of contracts. It then says that notice, as required by such contracts, can never be plead as a condition precedent to the right to sue thereon unless it is reasonable, and declares that stipulations providing a period of less than 90 days in which such notice shall be given are void, thus defining a reasonable time in which notice may be given as a period of not less than 90 days. Maryland Casualty Co. v. Hudgins, Tex.Civ.App., 72 S.W. 1047; Royal Casualty Co. v. Nelson, Tex.Civ. App., 153 S.W. 674; Aetna Life Ins. Co. v. Griffin, 58 Tex.Civ.App. 198, 123 S.W. 432; First Texas State Ins. Co. v. Hare, Tex. Civ.App., 180 S.W. 282; North American Acc. Ins. Co. v. Baldwin, Tex.Civ.App., 271 S.W. 181.

American Casualty and Life Company v. Butler, Tex.Civ.App., 215 S.W.2d 392, is cited by appellant for the proposition that the requirement in a health and accident policy that notice of the insured's disability be given the insurer within 10 days, is binding unless waived. We do not so construe the holding in that case. The court held only that the requirement in health and accident policies as to medical reports at the end of 30-day period is not invalid under Article 5546, and it did not pass on the question of the application of the statute to the matter of notice. We can find no support in this case for appellant's contention.

We hold that notice of injury was timely given by the insured, within the time provided by statute and within the time allowed by the provisions of the policy itself,

**498**

as set forth under paragraph 15 of Part V of said policy.

Appellant's first point of error is accordingly overruled.

We have carefully considered appellant's second point. While appellee Selby was admittedly "not under the personal and regular attendance of a legally licensed Doctor of Medicine or Osteopathy" during the period of his total disability, as required under the terms of the policy, it was stipulated that he was, in fact, totally and continuously disabled for a period of 51 days as a result of the accidental injury received by him on July 23, 1956.

Following his accidental injury, appellee was treated by a naturopathic doctor, and it is contended by appellant that such a doctor is neither a legally licensed doctor of medicine or of osteopathy. We agree with appellant's contention in this respect, and it is supported by a Supreme Court opinion, in the case of Schlichting v. Texas State Board of Medical Examiners, Tex., 310 S.W.2d 557. However, in the light of the Texas cases, it is immaterial whether the insured was treated by a practitioner whom the insurance company considers competent. Such provisions requiring the insured to be under the personal and regular attendance of a legally licensed doctor of medicine or osteopathy are evidentiary in effect, and will not operate to bar the claim of a person actually disabled who would otherwise be entitled to recover under the terms of the policy. Texas courts have long held this to be a matter of public policy, and will not treat such provisions in the policy as conditions precedent to recovery. American Casualty Co. v. Horton, Tex.Civ. App., 152 S.W.2d 395; Provident Ins. Co. v. Shull, Tex.Civ.App., 62 S.W.2d 1017; Federal Surety Co. v. Waite, Tex.Civ.App., 297 S.W. 312; American National Ins. Co. v. Briggs, Tex.Civ.App., 70 S.W.2d 491.

Appellant's second point is overruled, and the judgment of the trial court is affirmed.