**BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES, Appellant,**

v.

**James Edwin CASON, Appellee.**

**No. 7304.**

Court of Civil Appeals of Texas.

Texarkana.

May 2, 1961

Rehearing Denied May 30, 1961.

Donald Carroll, Ramey, Brelsford, Hull & Flock, Tyler, for appellant.

Jack Y. Hardee, Athens, for appellee.

CHADICK, Chief Justice.

This is a suit on an indemnity insurance contract to enforce collection of benefits accruing as the result of a physical injury to the assured. The judgment granting the recovery is reversed and the case is remanded for new trial.

The appellee, James Edwin Cason, founds his action on the provisions of part IV of the policy issued by the appellant, Benefit Association of Railway Employees. This division of the contract contains the principle contractual language specifically stating the terms upon which payment will be made of monthly accident indemnity for total or partial loss of time. The last paragraph of the division is in this language, viz.:

"Provided, that indemnity under Part IV. shall not be paid for any loss under Part II. except as specified therein nor for any period of time during which the Insured is not under the regular treatment of and is attended at least semi-monthly by, and in the presence of a legally qualified physician or surgeon."

Part II of the contract relates generally to the coverage provided for accidental death or dismemberment losses, and not to loss occasioned by disability from other accidental injuries.

The Association affirmatively plead that Cason had not been under regular treatment of a legally qualified physician or surgeon at least semi-monthly during the period for which he claims indemnity. Evidence was adduced in the trial raising a fact issue in this respect. The Association made an appropriate request for the submission of such issue and tendered a suggested issue in substantially correct form which placed the burden of proof on the Association. In addition, it caused objection to be made to the charge as a whole because the charge did not submit the issue. The requested submission was refused and the objection overruled. No jury answer relevant to this issue was made.

The law as declared in a case decided by the Supreme Court subsequent to the time motion for new trial was overruled in the present case, United American Insurance Company v. Selby, Tex.Civ.App., 330 S.W. 2d 495; Id., Tex., 338 S.W.2d 160, is decisive of the question presented here, and the judgment in this case must be reversed. Cason urges construction of the contract to the end result that the provision of Part IV, heretofore set out, would not be applicable to an accidental injury indemnifiable under Part IV's provisions. And further

contends that the referenced provision is so ambiguous as to be meaningless and properly should be disregarded in the enforcement of his claim.

■ Substantially the same contentions were presented in the cited case, but rejected. The provisions of the contract in that case, so far as revealed by the published opinion do not seem to be different in meaning or effect from the contract here under consideration. Under a proper construction of the contract as a whole the assailed provision must be understood as a condition precedent to recovery of indemnity claimed under Part IV, and it is not fatally ambiguous. The objection to the court's charge should have been met by submitting an issue with burden of proof upon Cason.

■ The conclusion stated makes it unnecessary to decide the other points of error briefed. It is deemed expedient, however, that the following suggestions be made. In a new trial, if the Association properly pleads its defense of estoppel and supports it with evidence, the issue or issues made should be submitted for jury determination. General understanding, clarity and precision in the administration of justice will be served if the fact issues essential to a recovery are submitted in form and language that will not require resort to construction, implication and interpretation to determine the effect of the jury's answer to the issues submitted.

The judgment of the trial court is reversed and the case is remanded for new trial.